**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED MOSTAFA ALTAYAR, AKA Mohammed Mastafa Majid, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-73308 18-71754 Agency No. A212-377-363 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 24, 2019
San Francisco, California

Before: WALLACE and BRESS, Circuit Judges, and LASNIK,** District Judge.

Mohammed Mostafa Altayar filed petitions for review of two Board of

Immigration Appeals (BIA) orders (1) dismissing his appeal challenging his

removability, the denial of asylum and withholding of removal, and the denial of

relief under the Convention Against Torture (CAT); and (2) denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

reopen. In a published opinion issued concurrently with this memorandum disposition, we held that Altayar's Arizona conviction for aggravated assault under A.R.S. §§ 13-1203(A)(2) and 13-1204(A)(2) constitutes a crime involving moral turpitude, rendering him removable under 8 U.S.C. § 1227(a)(2)(A)(i). We now reject the remainder of Altayar's arguments and deny his petitions for review.

The BIA did not err in concluding that Altayar was convicted of a "particularly serious crime," rendering him ineligible for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). "We have jurisdiction to review for abuse of discretion the BIA's conclusion that an offense constitutes a particularly serious crime," but "[o]ur review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quotations and alterations omitted). The relevant factors for consideration are "described in the BIA's decision in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982), [which] requires the agency to ask whether the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Id.* (quotations omitted).

The BIA did not abuse its discretion in this case and did not rely upon any improper factors. Agreeing with the Immigration Judge, the BIA found that Altayar had committed a particularly serious crime because he "drew his gun in response to

2

an attack, but then continued to wield this weapon and to chase, and then threaten at gunpoint, the person who had punched him," "well after any threat to [Altayar] remained." (The facts surrounding Altayar's conviction are explained in more detail in our published opinion.) Altayar argues the BIA improperly credited the presentence investigation report over his testimony and that of his brother. But the BIA did not abuse its discretion in crediting that report over Altayar's and his brother's self-serving statements, and "[w]e may not reweigh the evidence and reach our own determination about the crime's seriousness." *Avendano-Hernandez*, 800 F.3d at 1077.

We turn next to the BIA's denial of CAT relief, which we review for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Under this deferential standard, the IJ's "[f]actual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1007 (quotations omitted). Based on the record, no evidence would "compel[]" a "reasonable adjudicator," *id.*, to conclude that Altayar would more likely than not be tortured at the government's instigation or with its consent if he is removed to Iraq. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

Finally, we review the BIA's denial of Altayar's motion to reopen for an abuse of discretion, *see De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004), and find none. Although Altayar attempted to introduce a declaration from a human

3

rights researcher that had been filed in another case, the BIA could permissibly decline to reopen proceedings on the ground that the information in this declaration could have been presented earlier. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Although the declaration was signed several months after Altayar's hearing, the material events described in the declaration occurred before the hearing. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam) ("Because this report also concerns events that occurred well before the IJ hearing, and there is also no reason why Goel could not have obtained and presented this evidence to the IJ, this report cannot qualify as evidence that was previously unavailable either."). The BIA also determined that the researcher's statements in his declaration concerning recent events would not have changed the result in this case, and Altayar identifies no error in that determination. The BIA similarly did not abuse its discretion in declining to reopen based on allegedly new information about the criminal histories of certain witnesses to Altayar's offense, on the ground that these histories were immaterial.

We have carefully reviewed Altayar's other contentions and have concluded they are without merit. Altayar's petitions for review are therefore **DENIED.**